[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Ansonia on May 22, 1985. The parties have one child — Victoria called Vicky — born May 14, 1981. She was the child of a previous marriage of the parties. They married in 1982 and that marriage broke down almost immediately in 1983 and thereafter they were divorced.
The parties separated in 1990 after having lived together about five years.
The plaintiff claimed that the defendant had adulteries, that he did not support her in order to force her to get a lawyer and file for divorce, that he took the fuses out of their cars so the cars could not be used and that he did not pay bills.
The defendant claimed that the plaintiff was having an affair and also did not pay their bills.
The marriage of May 22, 1985 has broken down irretrievably and is dissolved. The court finds that both parties are at fault in some degree for the breakdown.
The big problem the parties have is the child Vicky. Both want to have sole custody of her. The court finds that it would be to the best interests of Vicky to live with the defendant as sole custodian, with the plaintiff having rights of reasonable visitation with her. Vicky wants to live with the defendant and has so told the court. From the court's observation of Vicky, she seemed capable of making a reasonable decision in the matter.
The court does not award support for Vicky to the defendant at this time. CT Page 6968
The defendant shall provide medical and all similar insurance coverage for Vicky as may be available through any employer he then has or may have from time to time. Any bills not so covered for Vicky shall be divided equally between the parties and paid by them.
The defendant shall take Vicky as a dependent for IRS deductions.
Neither party is awarded alimony.
Each party shall keep their own car.
Each party shall be responsible and pay the debts listed on their financial affidavits and shall pay their own attorney.
Thomas J. O'Sullivan Trial Referee